### STARK v. SLACK. (No. 1257.)

(Court of Civil Appeals of Texas. El Paso. Nov. 10, 1921.)

1. Trial ⊕⇒349(4)—Submission of cause upon general charge, and also upon special issues error.

It was error to submit cause both upon general charge and special issues.

2. Trial ⊕⇒356(1)—Entry of judgment without answer to special issues error.

Where cause submitted both upon general charge and special issues, the entry of judgment without answer to special issues was reversible error.

Appeal from Ward County Court; Geo. H. Tucker, Judge.

Suit by Kenneth Slack against George I. Stark, Ivy Stark, and others. Judgment for plaintiff against named defendants, and first named defendant appeals. Reversed and remanded.

Birge Holt, of Barstow, and Garrard, Russell & Fannin, of Midland, for appellant.

T. F. Slack, of Pecos, for appellee.

HARPER, C. J. Kenneth Slack instituted this suit against Geo. I. Stark, Ivy Stark, G. K. Stark, and Custer Stark to recover the principal, interest, and attorney's fees on a promissory note for $200 executed and delivered to Marion Slack. Plaintiff alleges that he purchased the note for value before maturity. Defendants answered by general denial, and that the note was procured from G. K. Stark and Custer Stark, in that while plaintiff and Marion Slack were partners they sold to the said Starks, minors, an automobile and fraudulently misrepresented it to be in good condition when in fact it was worthless. Tried to a jury, and judgment for $200 against G. I. and Ivy Stark, from which the latter have appealed.

The first assignment is that the court erred in submitting the cause upon a general charge and upon special issues.

The second is that it was error for the jury to fail to answer the special issues and render their verdict upon the general charge.

The third charges error in entering judgment on the verdict, since the special issues submitted were not answered.

[1] It was error to submit the cause both upon general charge and upon special issues. Worden v. Kroeger, 184 S. W. 584.

[2] It was reversible error for the court to enter judgment where the special issues were not answered. Early Foster Co. v. Burnett & Co., 224 S. W. 316; Peterson v. Clay, 225 S. W. 1112.

Because of the errors indicated, the cause is reversed and remanded.